UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BARNEY R. COPELAND<br><br>Plaintiff,<br><br>v.<br><br>BEAULIEU GROUP, LLC,<br><br>Defendant. | Civ. No. 12-CV-00573 |

## CONSENT PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and for good cause shown, IT IS HEREBY ORDERED:

1. This Order governs the handling of all confidential and/or proprietary documents and testimony hereafter produced, given, or filed, subject to further Order of the Court.

2. (a) When used in this Order, the word "document" shall mean all original written, recorded, or graphic matters whatsoever, and all non-identical copies thereof, all records kept by electronic, photographic, or mechanical means, any notes or drafts relating to the foregoing, and all things similar to any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure. In all cases where originals or non-identical copies are not available, "document" shall also mean identical copies of original documents and non-identical copies thereof.

(b) The term "confidential information" as used in this Order includes, but is not limited to, information disclosed by the disclosing party to the receiving party prior to or

19305761.1

Case 3:12-cv-00573   Document 16-1   Filed 10/04/12   Page 1 of 9 PageID #: 58
Case 3:12-cv-00573   Document 18   Filed 10/05/12   Page 1 of 7 PageID #: 68

after the date of this Order that is non-public, proprietary, or confidential in nature, whether provided in writing, orally, visually, electronically or by other means. By way of further example, and without limiting the foregoing, confidential information also includes, but is not limited to, the following: (i) confidential or other proprietary information the disclosing party has obtained from a third party and discloses to the receiving party under an obligation of confidentiality; (ii) trade secrets; (iii) information that is not generally known to the public, that is used, developed or obtained by the disclosing party in connection with its business, and that is not a trade secret, but which the disclosing party has taken reasonable steps to protect as confidential or proprietary, including, but not limited to, know-how, tools, methods, methodologies, techniques, designs, specifications, computer source code, customer lists, customer information, marketing plans, personnel information, financial information, and business strategies; and (iv) any non-public personal information regarding the disclosing party or the disclosing party's officers, directors, employees, representatives, or agents, including, but not limited to, dates of birth, social security numbers, medical records and bank account numbers.

3. Any document or documents believed to contain information subject to protection under Federal Rule of Civil Procedure 26(c) and produced by any party to these proceedings may be designated "Confidential" by such party by stamping or marking the document with the words "Confidential," "Confidential Pursuant to Court Order," or "Proprietary," hereinafter collectively referred to as "Confidential."

4. Any party or person adducing or giving testimony in these proceedings may designate any portion of the testimony on its face as "Confidential." All documents designated

19305761.1

2

Case 3:12-cv-00573   Document 16-1   Filed 10/04/12   Page 2 of 9 PageID #: 59
Case 3:12-cv-00573   Document 18   Filed 10/05/12   Page 2 of 7 PageID #: 69

as "Confidential" which are used as exhibits in connection with deposition testimony given in these proceedings shall be marked "Confidential" at the deposition by the designating party.

5. Such designations of documents or testimony set forth above may be made only if the party designating testimony or documents as "Confidential" has a good faith belief that the documents or testimony in question contain trade secrets or other confidential research, development or commercial information, or sensitive personal information, such as medical or financial information.

6. If at any time a party believes that a document or testimony designated or sought to be designated "Confidential" by the producing party does not warrant such designation, it shall first make a good faith effort to resolve such dispute with opposing counsel in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The initial motion shall be made by the party objecting to the designation, but the movant need only make a facial showing that the designation is improper. Thereafter, the burden rests on the party seeking confidentiality to demonstrate with specificity that such designation is proper.

7. Except with the prior written consent of the party or person asserting such "Confidential" designation or the prior Order of this Court, "Confidential" documents or transcripts, or any information contained therein, may not be disclosed to any person other than:

    (a) counsel for the respective parties to this proceeding;

    (b) employees or expert consultants of such counsel and persons assigned to assist such counsel in the preparation of this litigation;

19305761.1     3

Case 3:12-cv-00573   Document 16-1   Filed 10/04/12   Page 3 of 9 PageID #: 60
Case 3:12-cv-00573   Document 18   Filed 10/05/12   Page 3 of 7 PageID #: 70

(c) any officer or employee of a party who has management responsibility or technical expertise to the extent deemed necessary by counsel, for the prosecution, defense, or settlement of this litigation; and

(d) actual or prospective deposition, hearing, motion or trial witnesses, including employees and consultants, but solely to the extent necessary for the prosecution, defense, or settlement of this litigation.

Nothing herein shall restrict a party's ability to use or disclose its own documents, testimony, materials, or information that such party has itself designated confidential.

No person receiving such "Confidential" document or transcript shall disclose it or its contents to any person other than those described in this paragraph and for the purposes specified, and in no event shall such person make any other use of such document or transcript. All "Confidential" documents or transcripts shall be used for this litigation only, except by written agreement between the parties. Counsel shall be responsible for obtaining the prior written agreement of all persons to whom any "Confidential" document or transcript is disclosed that they will be bound by the terms of this Order. Such written agreement shall be obtained by securing the signature of any recipient of such document or transcript at the foot of a copy of this Order, after having had such recipient read the Order and having explained the contents hereof to such recipient. Counsel shall be responsible for maintaining a list of all persons to whom any "Confidential" document or transcript is disclosed and, for good cause shown, such list shall be available for inspection by counsel for the other party upon Order of this Court.

8. Nothing in the foregoing provision of this Order shall:

19305761.1

4

Case 3:12-cv-00573 Document 16-1 Filed 10/04/12 Page 4 of 9 PageID #: 61
Case 3:12-cv-00573 Document 18 Filed 10/05/12 Page 4 of 7 PageID #: 71

(a) limit any party in the introduction of confidential and/or proprietary material into evidence at any hearing or trial of this matter, subject to compliance with the provisions of paragraph 12 and the designating party's request to seek further protection from the court;

(b) preclude a party from seeking such additional protection with regard to the confidentiality and/or proprietary nature of documents or testimony as that party may deem appropriate; or

(c) prevent a party from objecting to discovery that it believes to be otherwise improper.

9. The inadvertent failure to designate a document as confidential will not be a waiver of a claim that the document contains confidential information and will not prevent the producing party from designating such information as confidential at a later date in writing. In the event that a producing party designates a document as confidential, whether at the time of production or later by substituting an additional copy of the document marked confidential, the document must be treated by the receiving party as confidential from the time of receipt of the notice of the confidential designation.

10. Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's party-client with respect to this action, and in the course thereof, relying upon an examination of Confidential Information, provided, however, that in rendering such advice and in otherwise communicating with the party-client, the counsel shall not disclose the Confidential Information, nor the source of any such information, to anyone not authorized to receive it pursuant to the terms of this Protective Order. Nothing in this Order shall

19305761.1

5

Case 3:12-cv-00573   Document 16-1   Filed 10/04/12   Page 5 of 9 PageID #: 62
Case 3:12-cv-00573   Document 18   Filed 10/05/12   Page 5 of 7 PageID #: 72

operate as a waiver of the attorney-client privilege or attorney work product privilege. Nothing in this Order shall require production of information which a party contends is protected from disclosure by the attorney-client privilege or work product immunity.

11. Any document, material or other information designated as entitled to protection under this Order which is submitted to the Court in support of a pleading, or introduced at a hearing, trial or other proceeding, in this action may continue as protected material only by Order of the Court in accordance with these procedures. If information entitled to protection under this Order is submitted to the Court in support of a pleading, such information shall maintain its privileged status for ten (10) days. During this ten-day period the party who designated the information as protected may move the Court to continue the protected status of the information by submitting to the Court a request for continued protection. The request must be accompanied by a copy of the document, material or information for which continued protection is requested. The opposing party shall not be permitted to file a response to the request. The Court will review, *in camera*, the information for which continued protection is requested to determine if continued protection will be allowed.

A party who seeks to introduce protected information at a hearing, trial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the party who designated the information as protected requests the protection be continued, the Court will review the information, *in camera*, to determine if the information is entitled to continued protection.

No document, material or other information may be filed under seal without an Order of the Court granting continued protection for the document, material or information at issue.

19305761.1

6

Case 3:12-cv-00573   Document 16-1   Filed 10/04/12   Page 6 of 9 PageID #: 63
Case 3:12-cv-00573   Document 18   Filed 10/05/12   Page 6 of 7 PageID #: 73

12. Final termination of this matter, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure imposed by this Order. Within a reasonable time after such termination, however, all material designated as "Confidential" and all copies thereof, including such materials transmitted to outside experts, consultants, or third parties, shall be assembled by the party to whom such had been provided and be either destroyed by that party or returned to the designating party.

SO ORDERED, this 5th day of October, 2012.

William J. Haynes, Jr
United States District Judge

Consented to by:

/s/ Peter N. Farley
Peter N. Farley
(Ga Bar No. 255165)*
Katherine Smallwood
(Ga Bar No. 698979)*
*Admitted Pro Hac Vice
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE
Atlanta, Georgia 30309-3996
Tel: (404) 853-8000
Fax: (404) 852-8806
*Peter.Farley@sutherland.com*
*Katherine.Smallwood@sutherland.com*

John S. Hicks
Baker, Donelson, Bearman,
Caldwell & Berkowitz PC
211 Commerce Street
Suite 800
Nashville, Tennessee 37201
Tel: (615) 726-7337

19305761.1                                    7

Case 3:12-cv-00573   Document 16-1   Filed 10/04/12   Page 7 of 9 PageID #: 64
Case 3:12-cv-00573   Document 18     Filed 10/05/12   Page 7 of 7 PageID #: 74